IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS R. YOUNG & <br> NIA K. YOUNG, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )   No: 1:06cv00582 (HHK) <br> ) <br> ) <br> ) <br> ) |

**UNITED STATES' *NUNC PRO TUNC* REPLY TO
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
AND OPPOSITION TO PLAINTIFFS' MOTION TO BIFURCATE**

The United States submits this memorandum to address one point raised by plaintiffs in opposition to the motion to dismiss and to respond to plaintiffs' motion to bifurcate. The United States otherwise relies on its motion to dismiss.

STATEMENT

REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS1/

Plaintiffs cite to the decisions in *Masterson v. United States*, 2006 WL 1102802 (D.D.C. 2006), and *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), for the proposition that the exhaustion requirement is non-jurisdictional. First, this Court is not bound by those decisions. *See* 18 *Moore's Federal Practice* § 134.02[1][d] ("A decision of a federal district court judge is not binding precedent in either a different judicial

---

1/ Plaintiffs also assert that the motion should be treated as a motion for summary judgment because the motion to dismiss raises issues outside the complaint. (Pl. Opp. at 1.) Plaintiffs are incorrect and their request should be denied.

district, the same judicial district, or even upon the same judge in a different case."); *see also Northwest Forest Resource Council v. Dombeck*, 107 F.3d 897, 900 (D.C. Cir. 1997).

Second, numerous courts have held that the requirement that a taxpayer exhaust administrative remedies prior to bringing suit is indeed jurisdictional. *See McGuirl v. United States*, 360 F.Supp.2d 129 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992); *Info. Res., Inc. v. United States*, 950 F.2d 1122, 1125-27 (5th Cir. 1992); *Bennett v. United States*, 361 F.Supp.2d 510, 514 (W.D. Va. 2005); *Simmons v. United States*, 875 F.Supp. 318, 319 (W.D.N.C. 1994); *Music Deli & Groceries, Inc. v. IRS*, 781 F.Supp. 992, 997 (S.D.N.Y. 1991); *Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907 (D.D.C. 2006) (Huvelle); *Glass v. United States*, 424 F.Supp.2d 224 (Huvelle); *Koerner v. United States*, 2006 U.S. Dist. LEXIS 14909 (D.D.C. 2006) (Huvelle); *Pierce v. United States*, 2006 U.S. Dist. LEXIS 14910 (D.D.C. 2006) (Huvelle).

Third, the United States submits, with respect, that the decision in *Turner* expanded the rationale of *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006) beyond its rather narrow factual situation, and improperly applied its reasoning to administrative schemes involving the sovereign United States. In *Arbaugh*, the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the benefit of the sovereign's

long-recognized

> general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." Simply put, *Arbaugh* did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow *Glass*, *McGuirl*, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction. In sum, the *Turner* decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States.

Fourth, assuming *arguendo*, that the requirement to exhaust is not a bar to the Court's jurisdiction, plaintiffs failed to assert that they complied with the administrative

requirements necessary to obtain a refund or damages for wrongful collection.

And last, even though the *Turner* decision held that section 7433's exhaustion requirement is not jurisdictional, the Court nevertheless dismissed the cases for failure to state a claim.

OPPOSITION TO PLAINTIFFS' ALTERNATIVE MOTION TO BIFURCATE

Assuming the Court denies their request to treat the motion as a motion for summary judgment, plaintiffs ask the Court to bifurcate the case. (Pl. Opp. at 9.) Plaintiffs ask that the Court first address the exhaustion argument and whether they have met the "bias" exception to the exhaustion requirement. Then, plaintiffs would have the Court address liability. (*Id.* at n. 1.)

A court has discretion to bifurcate claims or issues "in furtherance of convenience or to avoid prejudice" or when "conducive to expedition and economy." Fed. R. Civ. P. 42(b); *see also Am. Nat. Red Cross v. Travelers Indem. Co. of Rhode Island*, 924 F.Supp. 304 (D.D.C. 1996)). This discretion, however, should be exercised "only when [the court] believes that separation will achieve the purposes of the rule." *Harbor Ins. Co. v. Omni Constr. , Inc.*, 1987 WL 12789, *1, (D.D.C. 1987). Here, none of the rule's purposes will be achieved.

In this case, plaintiffs appear to assert that the "bias exception to the nonjurisdictional exhaustion requirement" is applicable. (*Id.*) If the waiver requirement is jurisdictional, then plaintiffs cannot argue the "bias exception." If the waiver requirement is nonjurisdictional, plaintiffs still must assert that they filed an

administrative claim for damages, because without the claim, the Court may not award plaintiffs damages. 26 U.S.C. § 7433(d)(1). Because the Court cannot grant plaintiffs relief under either argument, bifurcation is useless.

Also, bifurcation is unwarranted because plaintiffs failed to demonstrate that their "interest[] in immediate judicial review outweigh[s] the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further[;]" or that their "administrative remedy is 'inadequate'." *See, e.g., Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907, * 12 (D.D.C. 2006).

## CONCLUSION

For the foregoing reasons and the reasons asserted in the United States' motion to dismiss, the United States requests that the Court deny plaintiffs' motion to bifurcate and dismiss the case.

DATE: July 25, 2006.	Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Tel./Fax: (202) 307-6555/514-6866
Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

KENNETH W. WAINSTEIN
United States Attorney

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' *NUNC PRO TUNC* REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND OPPOSITION TO PLAINTIFFS' MOTION TO BIFURCATE was caused to be served on July 25, 2006, by United States mail, postage prepaid, addressed to the following person:

>Thomas R. Young
>Nia K. Young
>*Plaintiffs pro se*
>611 Kings Mountain Dr.
>Longview, TX 75601

>/s/ Jennifer L. Vozne
>JENNIFER L. VOZNE

1825783.1