Certified Mail# 7004 0750 0001 2461 2212

# VERIFIED ADMINISTRATIVE CLAIM FOR DAMAGES

INTERNAL REVENUE SERVICE
Area 10, Area Director, Dallas
4050 Alpha Road, 1000 MSRO
Dallas, TX 75244

Attn: Compliance Technical Support Manager

Thomas R Young
Nia K Young
611 Kings Mountain Drive
Longview TX 75601
Day Time Phone #
[redacted]-0651
SSN
[redacted]-6029, [redacted]-2777
Claimant(s),

Internal Revenue Service,

Respondent.

## ADMINISTRATIVE CLAIM IN ACCORDANCE WITH 26 CFR § 301. 7433-1

## I INTRODUCTION

This Administrative Claim for damages is being brought by Thomas R Young Nia K Young, hereinafter; Claimant, in accordance with 26 CFR § 301.7433-1. Claimant has been damaged as a result of the actions of respondents' officers, agents, and, or employees. Respondents' agents, officers, and, or employees have, in connection with the collection

of a federal tax, acted willfully, recklessly and/or intentionally, with intent to defeat, and have disregarded provisions of the Internal Revenue Code and regulations promulgated under the Internal Revenue Code.

Claimant continues to be damaged as a direct result of respondents' agents, officers, and/or employees disregard of provisions of the Internal Revenue Code and regulations promulgated under the Internal Revenue Code.

Claimant continues to be damaged as a direct result of respondents' agents, officers, and, or employees continual and ongoing disregard for and misapplication of provisions of the Internal Revenue Code and regulations promulgated under Title 26 U.S.C.

Claimant has exercised all measures within his means to mitigate damages.

Title 26 USC §7433 is claimant's exclusive remedy for obtaining damages for the unauthorized collection activity conducted by respondent.

Respondent has sent voluminous correspondence to claimant(s) in which each and every piece of correspondence is a final agency action that articulates a very clear position that the respondent is unwilling to reconsider showing bias.

Respondent has sent numerous letters to claimant each alleging a different amount in dispute. Thus the amount in dispute cannot be completely and accurately ascertained at this time.

## IIa
## CLAIMS[1]

COUNT 1

By disregard of Internal Revenue Code section 600, 68A Stat. 731, with intent to defeat the application thereof: respondent failed to notify Claimant, by notice served or by regulation, of the imposition of a requirement keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code.

COUNT 2

By disregard of Federal Tax Regulation 26 CFR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: respondent failed to notify Claimant, by notice served, of the imposition of a requirement

[1] This listing is not inclusive. There may be other provisions of Title 26 and its regulations that claimant(s) is/are not aware of which have been disregarded.

keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 3

By disregard of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (a), with intent to defeat the application thereof: respondent failed to prepare any Substitute(s) for Return(s) in the name ofThomas R Young Nia K Young as authorized *if* a "...person shall fail to make a return required...".

COUNT 4

By disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: respondent failed to prepare any Substitute(s) for Return(s) in the name of Thomas R Young Nia K Young.

COUNT 5

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: respondent failed to prepare any Substitute(s) for Return(s) in the name of Thomas R Young Nia K Young.

COUNT 6

By disregard of Federal Tax Regulations in Federal Tax Regulation 26 CFR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: respondent failed to prepare any Substitute(s) for Return(s) in the name of Thomas R Young Nia K Young.

COUNT 7

By disregard of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (b)(2), with intent to defeat the application thereof: respondent failed to execute any Substitute(s) for Return(s) in the name of Thomas R Young Nia K Young.

COUNT 8

By disregard of Federal Tax Regulation 26 CFR 301.6020-1, subsection (b)(2), promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (b)(2) with respect to income tax, with intent to defeat the application thereof: respondent failed to execute any Substitute(s) for Return(s) in the name of Thomas R Young Nia K Young.

COUNT 9

By disregard of Internal Revenue Code section 6103 , 68A Stat. 753, subsection (c), with intent to defeat the application thereof: respondent failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to Claimant or Claimant's representative upon request.

COUNT 10

By disregard of Internal Revenue Code section 6109 , 75 Stat. 828, subsection (d) with intent to defeat the application thereof: respondent forced Claimant into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1. aliens, *see* 42 USC § 405(c)(2)(B)(i)(I); and,
2. applicants for/recipients of federal benefits, *see* 42 USC § 405(c)(2)(B)(i)(II)

effectively creating, in Claimant(s), a false status of "alien" and/or "applicant/recipient".

COUNT 11

By disregard of Internal Revenue Code section 6201, 68A Stat. 767, subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: respondent failed to limit assessments to:

1. Taxes shown on return 26 USC § 6201(a)(1); and,
2. Unpaid taxes payable by stamp 26 USC § 6201(a)(2).

COUNT 12

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: respondent assessed amounts assessable only upon those engaged in activity relating to Alcohol, Tobacco Products, and Firearms.

COUNT 13

By disregard of Internal Revenue Code section 6202, 68A Stat. 768, with intent to defeat the application thereof: respondent exceeded the limitations imposed upon the Secretary's authority to establish by regulations the mode or time for the assessment of any internal revenue tax (including interest, additional amounts, additions to the tax, and assessable penalties).

COUNT 14

By disregard of Internal Revenue Code section 6203, 68A Stat. 768, with intent to defeat the application thereof: respondent failed to record assessment(s) in the office of the Secretary in the name of Thomas R Young Nia K Young.

COUNT 15

By disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: respondent failed to execute, i.e., sign, summary record(s) of assessment, which include(s),

(1) identification of the taxpayer;
(2) character of liability assessed;
(3) taxable period, if applicable; and,
(4) amount of assessment.

COUNT 16

By disregard of Internal Revenue Code section 6203, 68A Stat. 768, with intent to defeat the application thereof: respondent failed to furnish Claimant copies of assessments "filed in the Office of the Secretary" upon request.

COUNT 17

By disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: respondent failed to furnish Claimant copies of signed summary records of assessment with supporting lists upon request.

COUNT 18

By disregard of Internal Revenue Code section 6211, 68A Stat. 770, with intent to defeat the application thereof: respondent failed to promulgate regulations to implement Internal Revenue Code section 6211, 68A Stat. 770 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 19

By disregard of Internal Revenue Code section 6301, 68A Stat. 775, with intent to defeat the application thereof: respondent exceeded the limits imposed upon the Secretary's authority to collect to taxes; i.e., taxes imposed by the Internal Revenue Code . Specifically:

1. The Commissioner of Internal Revenue failed to develop and implement procedures under which - "(1) a determination by an employee to file a notice of lien or levy with respect to, or to levy or seize, any property or right to property would, where appropriate, be required to be reviewed by a supervisor of the employee before the action was taken"; and,

2. The Commissioner of Internal Revenue failed to develop and implement procedures under which -"(2) appropriate disciplinary action would be taken against the employee or supervisor where the procedures under paragraph (1) were not followed"; and,

3. The Commissioner of Internal Revenue failed to develop and implement a

review process under subsection (a)(1) which includes a certification that the employee has -

"(1) reviewed the taxpayer's information:

"(2) verified that a balance is due; and

"(3) affirmed that the action proposed to be taken is appropriate given the taxpayer's circumstances, considering the amount due and the value of the property or right to property."

COUNT 20

By disregard of Federal Tax Regulations in 27 CFR Part 24, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: respondent failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 21

By disregard of Federal Tax Regulations in 27 CFR Part 25, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: respondent failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 22

By disregard of Federal Tax Regulations in 27 CFR Part 26, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: respondent failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 23

By disregard of Federal Tax Regulations in 27 CFR Part 270, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: respondent failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 24

By disregard of Federal Tax Regulations in 27 CFR Part 41, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: respondent failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 25

By disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: respondent failed to implement the provisions of Internal Revenue Code section

6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 26

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: respondent failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 27

By disregard of Internal Revenue Code section 6303, 68A Stat. 775, with intent to defeat the application thereof: respondent failed to "within 60 days after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof" with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 28

By disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: respondent failed to implement the provisions of Internal Revenue Code section 6303 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 29

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: respondent failed to implement the provisions of Internal Revenue Code section 6303 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 30

By disregard of Internal Revenue Code section 6304 , 112 Stat. 768, subsection (b), paragraph (1), with intent to defeat the application thereof: respondent engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax."

COUNT 31

By disregard of Internal Revenue Code section 6320 , 112 Stat. 746, with intent to defeat the application thereof: respondent failed to hold a hearing in conjunction with subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330.

COUNT 32

By disregard of Internal Revenue Code section 6321, 68A Stat. 779, with intent to defeat the application thereof: respondent asserted a lien for failure or neglect to pay without giving proper notice and without making demand.

COUNT 33

By disregard of section 6751(b)(1) of the Internal Revenue Code of 1986, 68A Stat 3, § 6751(b), with intent to defeat the application thereof: respondent employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination.

COUNT 34

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: respondent failed to implement the provisions of Internal Revenue Code section 6321 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 35

By disregard of Internal Revenue Code section 6322, 68A Stat. 779, with intent to defeat the application thereof: respondent asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1.

COUNT 36

By disregard of Internal Revenue Code section 6323, 68A Stat. 779, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: respondent failed to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Texas.

COUNT 37

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: respondent failed to implement the provisions of Internal Revenue Code section 6323 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 38

By disregard of Federal Tax Regulations in 27 CFR Part 301, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: respondent failed to implement the provisions of Internal Revenue Code section 6323 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 39

By disregard of Internal Revenue Code section 7213, 68A Stat. 855, subsection (a), with intent to defeat the application thereof: respondent unlawfully disclosed return information - by filing notice(s) of lien(s) in stated amounts for which no record of assessment exists.

II b
CLAIMS REGARDING TITLE 18 U.S.C.

COUNT 40

Respondent, through principals, officers, agents, and/or employees disregarded 18 U.S.C. §1905, with intent to defeat the application thereof, by publishing, divulging, and disclosing confidential information: Respondent through agents, officers, and or employees caused to be recorded into the Public Record at Gregg County, Texas confidential information regarding Claimant. Said confidential information included Claimant's name, address, and Social Security number. Said confidential information was cited upon Notice(s) of Federal Tax Lien mailed by respondents' agents, officers, and or employees. Said Notices cited alleged "Unpaid Balance(s) of Assessment", and were not accompanied by verification through affidavit, or otherwise. The penalties for such disclosures of confidential information by an officer or employee of the United States or of any department or agency thereof are prescribed in 18 U.S.C. § 1905.

COUNT 41

Respondent, through principals, officers, agents, and/or employees disregarded 18 U.S.C. §2073, with intent to defeat the application thereof. False entries and reports of monies or securities: Respondents' agents, officers, and or employees caused false entries to be made into the Public Record of Gregg County, Texas by mailing Notices of Federal Tax Lien bearing Claimant's name, to the Registrar of Deeds Gregg County for the purpose of recording into said Public Record. Said Notices of Federal Tax Lien falsely cite "Date(s) of Assessment". Respondent admits through its failure to produce copies of Form 23C, that no assessments were made in regard to Claimant.

COUNT 42

Respondent, through principals, officers, agents, and/or employees disregarded 18 U.S.C. §2073, with intent to defeat the application thereof, by making false and fictitious entries or records: Respondents' agents, officers, and or employees with intent to deceive, mislead, injure, and or defraud; made false and fictitious entries, and records of matters which did not occur. Said false and fictitious entries being the alleged "Date(s) of Assessment", and "Unpaid Balance(s) of Assessment(s)" cited upon the aforesaid Notices of Federal Tax Lien.

Said records being the aforesaid Notices of Federal Tax Lien which contain said false and fictitious "Date(s) of Assessment", and "Unpaid Balance(s) of Assessment(s)".

COUNT 43

Respondent, through principals, officers, agents, and/or employees disregarded 18 U.S.C. §2073, with intent to defeat the application thereof, by making false and fictitious records: Respondents' agents, officers, and or employees with intent to deceive, mislead,

SEP-18-2006 09:58 CASE HEAR ID COLL DALLAS 972 308 1022 P.10

injure, and or defraud, made false and fictitious entries, and records of matters which did not occur; to wit: Notice of Levy made and issued by respondents' agents, officers, and or employees, and bearing the name, address, and Social Security number assigned to Claimant, contained false and fictitious "Unpaid Balance(s) of Assessment(s)". Said Notice of Levy contained intentionally misleading instructions to the recipient, in that subtitle F, Chapter 64, Subchapter D Part II, § 6331 (a), of Title 26 U.S.C. was deliberately omitted from the instructions.

Said Notice was received at Claimant's workplace, and personnel there were deceived by said intentionally misleading instructions. Claimant was injured as a direct result of the deception perpetrated by respondents' agents', officers', and or employees' issuance of said false and fictitious record.

COUNT 44

Respondent, through principals, officers, agents, and/or employees disregarded 18 U.S.C §471, with intent to defeat the application thereof, states in pertinent part: Whoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States, shall be fined not more than $5000.00 or imprisoned not more than fifteen years, or both.

1. Said Notices of Federal Tax Lien are United States Securities, as defined at Title 18 U.S.C. §8, in that said Notices of Federal Tax Lien purport to be 'evidence of indebtedness' to the United States.

2. Said Notices of Federal Tax Lien <u>falsely</u> cite "Unpaid Balance(s) of Assessment".

3. Said Notices <u>falsely</u> cite events ('assessments') which did not take place.

4. Said Notices <u>falsely</u> cite indebtedness as "Unpaid Balance(s) of Assessment"

   The aforementioned Notices of Federal Tax Lien appear to qualify as "counterfeit United States securities" in that the makers have made false statements of indebtedness to the United States, and mailed said instruments with the intent that said instruments be recorded into the Public Record at Gregg County, Texas as genuine United States securities.

5. Said Notices are un-attested to, in that the signatures thereon are not genuine.

COUNT 45

Respondent, through principals, officers, agents, and/or employees disregarded 18 U.S.C. §1622, with intent to defeat the application thereof, Subornation of Perjury: Respondents agents, officers, and employees induced, through deceit, the recordation of said "counterfeit United States securities" into the Public Record at Gregg County, Texas. In so doing, respondents' agents, officers, and or employees caused the Registrar of Deeds at Gregg County, Gregg to perjure said Public Record.

COUNT 46

Respondent, through principals, officers, agents, and/or employees disregarded 18 U.S.C. §1001, with intent to defeat the application thereof, by making false, fictitious or fraudulent statements or representations, or making or using any false writing or document: Respondents' agents, officers, and or employees made and used writings which contained false and fraudulent statements in regards to Claimant. Said writings being Notice(s) of Federal Tax Lien, and Notice of Levy; said Notices directly, and or consequentially cite events which did not occur.

1. Said Notice(s) of Federal Tax Lien falsely and fraudulently cite "Date(s) of Assessment". Internal Revenue Service admits, through their failure to produce the required documentation, that no such 'Assessment(s)' occurred.

2. Said Notice(s) of Levy falsely and fraudulently cites "Unpaid Balance(s) of Assessment(s)". Internal Revenue Service admits, through their failure to produce the required documentation, that no such 'Assessment(s)' occurred.

3. The aforesaid Notice(s) of Federal Tax Lien and Notice of Levy cite events which did not occur, and in doing so falsely and fraudulently portray the Claimant as someone who has been lawfully assessed by respondents' thereof. Such is not the case, in that no lawful assessment has occurred.

4. The aforesaid Notice(s) of Federal Tax Lien and Notice of Levy portray the Claimant as someone who owes a 1040 "Kind of Tax". Claimant, having not been lawfully assessed, does not owe, and therefore cannot be held liable for, a tax.

5. Absent a lawful assessment, a tax is not owed. Ridinsky v. United States, 622 F. Supp. 331 (1985); Estate of M. Karl Goetz v. United States, 286 F.Supp. 128; In re Western Trading Co., 340 F.Supp. 1130 (D.Nev. 1972). The absence of the requisite documents proves that there has been no assessment and, consequently, no tax collection activities may be pursued.

## III
## CONCLUSION

1. Section 6103(e)(1)(A)(1) of the Internal Revenue Code, Title 26, United States Code, § 6103(e)(1)(A)(1), grants a statutory right to access one's own tax records.

2. Federal tax regulation 301.6103-1(c), Title 26, Code of Federal Regulations, § 301.6103-1(c), reiterates respondents' statutory obligation.

3. The Federal Records Act, 44 USC § 3101, the National Archives Act, 44 USC § 3106, and federal regulations, at 36 CFR Part 1222, also require the IRS to provide records to claimant(s) upon request.

4. The Federal Records Act, 44 USC § 3101, the National Archives Act, 44 USC § 3106, and federal regulations, at 36 CFR Part 1222, requires the IRS to make and preserve records containing adequate and proper documentation of, the organization of the agency; the functions of the agency; the policies of the agency; the decisions of the agency; the procedures of the agency: and the essential transactions of the agency. This failure is supported by the GAO audit reports for the years 1993 through and including 2005. Claimant(s) provide an extraction from the aforementioned GAO audit reports in support of this claim: The following extractions from the GAO audit reports for the years 1993 through and including 2003 establish that without exception: IRS records are generally unreliable, the IRS cannot generate a file or listing of detailed transactions such as assessments, collections, abatements, refunds, and interest recorded; IRS permits employees to make unauthorized access and modifications to taxpayer information; IRS cannot retrieve the detailed information needed to summarize individual types of transactions, such as penalties or interest, or support the information included in IRS' reports; IRS cannot ensure that (1) manual entries are appropriate and authorized and (2) any keying errors associated with manually inputted entries are detected; IRS' systems do not routinely produce reliable information about valid and collectible accounts receivable; IRS' automated records contain errors and IRS does not record tax assessments, payments and other activities; IRS controls over cash, checks and related hard copy taxpayer data it receives from taxpayers do not sufficiently limit the risk of theft, loss, or misuse of such funds and data; many assessments were erroneous; IRS stated that it generally agreed with the findings and conclusions in the reports. respondents' agency has sent voluminous correspondence to claimant(s) in which each and every piece of correspondence articulates a very clear position on the issues contained therein which the IRS is unwilling to reconsider.

5. As a direct and proximate result of the reprehensible, egregious, and vexatious conduct and the wanton disregarding with intent to defeat the provisions of Title 26 United States Code and the regulations promulgated there-under by respondent's

SEP-18-2006 09:59 CASE HAEH TO CALL DALLAS 972 308 1022 P.13

principals, officers, agents, and/or employees claimant(s) has/have suffered one or more of the following: (1) substantial personal embarrassment, (2) loss of income, (3) loss of goodwill, (4) loss of business, (5) loss of property, (6) loss of savings, etc., resulting in actual damages, the extent of which at this time cannot be completely and accurately ascertained, but which will be more fully known after a determination, by the court, that the respondent's principals, officers, agents, and/or employees disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

6. Such reprehensible, egregious, and vexatious conduct and the wanton disregarding of the provisions of Title 26 United States Code and the regulations promulgated thereunder by respondent's principals, officers, agents, and/or entitles claimant(s) to punitive damages the extent of which at this time cannot be completely and accurately ascertained, but which will be known more fully known after a determination that the respondent's principals, officers, agents, and/or employees disregarded provisions of Title 26 United States Code regulations promulgated under Title 26 United States Code.

**REMEDY SOUGHT**

7. That respondents' principals, officers, agents, and/or employees reconsider the position they have taken regarding the voluminous correspondence sent to claimant.

8. That respondents' principals, officers, agents, and/or employees cease disregarding provisions of Title 26 United States Code and/or regulations promulgated under Title 26 United States Code with intent to defeat the application thereof.

9. Because respondents' principals, officers, agents, and/or employees, while engaged in collection activity regarding claimant(s), disregarded the aforementioned provisions of Title 26 United States Code and/or regulations promulgated under Title 26 United States Code with intent to defeat the application thereof, claimant(s) seek(s) the following:

   A. directing respondent to pay damages in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section 7214(a) for each disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per disregard; and,
   B. directing replevin of any and all property taken from claimant(s); and,
   C. directing such other and further damages as is deemed just and proper;
   D. enjoining respondents' principals, officers, agents, and/or employees from further acting in disregard of law or regulation.

Dated: August 22, 2006

Thomas R. Young
Thomas R Young

Nia K Young
Nia K Young

## Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Texas, personally appeared, Thomas R Young, Nia K Young known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

Autrey Wayne Mosley Jr
Notary, State of Texas
Autrey Wayne Mosley, Jr

Autrey Wayne Mosaley Jr
Notary Public, State of Texas
My Commission Expires:
May 17, 2008

# AFFIDAVIT

Affiant, Thomas R Young, Nia K Young is of lawful age and competent to testify, after having been duly sworn, state as follows based upon affiant's own personal knowledge:

1. It is not now, nor has it ever been, affiant's intent to avoid paying any tax that affiant is legally liable to pay or that affiant lawfully owes.

2. Affiant is not in possession of any document which verifies that respondent has complied with 26 U.S.C §6201(a) by making an assessment of the taxes affiant allegedly owes;

3. Affiant is not in possession of any document which verifies that respondent has complied with 26 U.S.C §6202 by making an assessment of the taxes affiant allegedly owes within the time and mode set forth by the secretary;

4. Affiant is not in possession of any document which verifies that respondent has complied with 26 U.S.C. §6203 by recording an assessment of the taxes affiant allegedly owes;

5. Affiant is not in possession of any document which verifies that respondent has complied with 26 U.S.C. §6203 by furnishing affiant copies of records of assessment upon affiants request;

6. Affiant is not in possession of any document which verifies that respondent has complied with 26 U.S.C. §7214(a) by not attempting and continuing to attempt to collect sums greater than appear on records of assessment;

7. Affiant is not in possession of any document which verifies that affiant owes a "tax" to the United States Treasury.

8. Affiant is not in possession of any document which verifies that the respondent has complied with all collection procedures required by the IRS Code and its regulations.

9. Affiant is not in possession of any document which identifies the authority of the IRS to substitute any other document or form for a Form 23-C (Summary Record of Assessment).

10. Affiant is not in possession of any document which establishes that respondents' agency is willing to reconsider the position it has taken in the voluminous correspondence affiant has received from respondents' agency.

TOTAL P.17

11. Affiant has diligently and repeatedly sought to remedy this situation with the IRS.

12. The IRS has ignored, dismissed or trivialized any attempt to discuss an amicable settlement.

13. Affiant has commenced this action within two (2) years after the date on which the right of this action accrued.

14 Affiant believes there is no possible way that the United States can answer any of the claims made in this pleading.

Dated: August 22, 2006

Thomas R. Young
Thomas R Young

Nia K Young
Nia K Young

## Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of of Texas, personally appeared, Thomas R Young, Nia K Young known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

Autrey Wayne Moseley Jr
Notary, State of Texas
Autrey Wayne Moseley, Jr.

Autrey Wayne Moseley Jr
Notary Public, State of Texas
My Commission Expires:
May 17, 2008

SEP-18-2006 09:59 SBSE AREA 10 COLL DALLAS 972 308 1022 P.17