IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS R. YOUNG & <br> NIA K. YOUNG, <br>     Plaintiffs, <br>     v. <br> UNITED STATES, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No: 1:06cv00582 (HHK) <br> ) <br> ) <br> ) <br> ) |

**UNITED STATES' REPLY TO PLAINTIFFS' OPPOSITION
TO MOTION TO DISMISS AMENDED COMPLAINT**

The United States submits this memorandum to address one point raised by plaintiffs in opposition to the motion to dismiss the amended complaint and otherwise relies on its motion to dismiss.

STATEMENT

Plaintiffs cite to Judge Bates' decision in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), for the proposition that the exhaustion requirement is non-jurisdictional.1/ (Pl. Opp. at 3-4.)  This argument fails to defeat the United States'

---

1/ The United States is aware that the court in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006) dismissed a similar complaint for failure to state a claim. As previously asserted, the United States continues to assert that the exhaustion requirement is jurisdictional. Specifically, the decision in *Turner* relied upon *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), in which the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the benefit of the sovereign's long-recognized
> general principle that "the United States, as sovereign, 'is
> immune from suit save as it consents to be sued *** and the

motion to dismiss for four reasons. First, this court is not bound by Judge Bates' decision. *See* 18 *Moore's Federal Practice* § 134.02[1][d] ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); *see also Northwest Forest Resource Council v. Dombeck*, 107 F.3d 897, 900 (D.C. Cir. 1997).

Second, numerous courts have held that the requirement that a taxpayer exhaust administrative remedies prior to bringing suit is indeed jurisdictional. *See McGuirl v. United States*, 360 F.Supp.2d 129 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992); *Info. Res., Inc. v. United States*, 950 F.2d 1122, 1125-27 (5th Cir. 1992); *Glass v. United States*, 424 F.Supp.2d 224, 227 (D.D.C. 2006) (Huvelle);

---

terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." Simply put, *Arbaugh* did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow *Glass*, *McGuirl*, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction. In sum, the *Turner* decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States. Accordingly, the United States asks for dismissal on jurisdictional grounds.

*Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907 (D.D.C. 2006) (Huvelle); *Koerner v. United States*, 2006 U.S. Dist. LEXIS 14909 (D.D.C. 2006) (Huvelle); *Pierce v. United States*, 2006 U.S. Dist. LEXIS 14910 (D.D.C. 2006) (Huvelle); *Holt v. Davidson*, 2006 US Dist. LEXIS 51827 (D.D.C. 2006) (Urbina); *Bennett v. United States*, 361 F.Supp.2d 510, 514 (W.D. Va. 2005); *Simmons v. United States*, 875 F.Supp. 318, 319 (W.D.N.C. 1994); *Music Deli & Groceries, Inc. v. IRS*, 781 F.Supp. 992, 997 (S.D.N.Y. 1991).

Third, assuming *arguendo*, that the requirement to exhaust is not a bar to the Court's jurisdiction, plaintiffs failed to assert that they timely filed a proper administrative claim for damages under 26 U.S.C. § 7433. (*See* U.S. Mem. in Support of Mot. to Dismiss Am. Compl. at 5-9.)

And last, even though Judge Bates held that section 7433's exhaustion requirement is not jurisdictional, he nevertheless dismissed the cases for failure to state a claim.2/

## CONCLUSION

For the foregoing reasons and the reasons asserted in the United States' motion to dismiss the amended complaint, the United States requests that the Court deny dismiss the case.

---

2/ Plaintiffs assert that jurisdiction for the present action is under 26 U.S.C. § 7433 and not 26 U.S.C. § 7422 or the Federal Tort Claims Act. (Pl. Opp. at 2-3.) Based upon this admission and the fact that 26 U.S.C. § 7433 does not provide for "replevin," plaintiffs are presumably abandoning their request for replevin.

DATE: October 17, 2006.                    Respectfully submitted,


                                           /s/ Jennifer L. Vozne
                                           JENNIFER L. VOZNE
                                           Trial Attorney, Tax Division
                                           U.S. Department of Justice
                                           Post Office Box 227
                                           Washington, D.C. 20044
                                           Tel./Fax: (202) 307-6555/514-6866
                                           Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## **CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT was caused to be served on October 17, 2006, by United States mail, postage prepaid, addressed to the following person:

>Thomas R. Young
>Nia K. Young
>*Plaintiffs pro se*
>611 Kings Mountain Dr.
>Longview, TX 75601

>/s/ Jennifer L. Vozne
>JENNIFER L. VOZNE

1975496.1