CMRR # 7006 0810 0002 6564 2153

RECEIVED

NOV 1 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
IN THE DISTRICT OF COLUMBIA

Thomas R Young
Nia K Young

                    Plaintiff(s),

        v.

United States (Government)

                    Defendant.

No: 1:06-cv-00582 *HHK*

AMENDED RESPONSE
TO MOTION TO DISMISS
AMENDED COMPLAINT

Based on recent jurisprudence plaintiffs seek leave to amend their response
to defendants' motion to dismiss.

The Government claims that dismissal of the plaintiffs' damages claim is
proper under both Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule
12(b)(6) for failure to state a claim under which relief can be granted.

The split of authority in this district has been settled; exhaustion of administrative
remedies is not a jurisdictional prerequisite. *Martin v. United States,* (D.D.C. 1:05-cv-
02506). ("This affirmative defense is thus properly brought through a timely motion to
dismiss for failure to state a claim upon which relief can be granted.") *See Lindsey v.
United States,* No. 05-1765, 2006 U.S. Dist. LEXIS 58657, at *41-43 (D.D.C.) (Feb.
22,2006)(citing cases on both sides of the issue). The Court seemingly has held that

Rule 12(b)(6) is the proper basis upon which to address plaintiffs' damages claim,

since failure to exhaust administrative remedies is not a jurisdictional prerequisite to

bring suit but only an element of a claim. *See Arbaugh v. Y & H Corp.,* 126 S. Ct.

1235, 1245 (Feb. 22, 2006); *see also Turner v. United States,*429 F. Supp. 2d 149,

154 (D.D.C.2006);*See Lindsey v. United States,* No. 05-1765, 2006 U.S. Dist. LEXIS

58657, at *41-43 (D.D.C.) (Feb. 22,2006) ("This affirmative defense is thus properly

brought through a timely motion to dismiss for failure to state a claim upon which

relief can be granted.")

The Supreme Court noted in *Arbaugh* that the principles behind Rule 12(b)(1)

and Rule 12(b)6) are very different and the consequences are similarly different. 126

Ct. 1244-45. A question of subject-matter jurisdiction "involves the court's power to

hear a case" and "can never be forfeited or waived." *Id* at 1244 (citation omitted).

Thus it can be raised at any time by any party or by the court *sua sponte.* Whether

a plaintiff has stated a claim upon which relief can be granted involves the legal

basis of the claim or the relief sought, not the power of the court to hear it. A motion

under Rule 12(b)(6) can be waived by failing to make it timely. *Id* at 1240.

"The word 'exhaustion' describes two distinct legal concepts"." *Avocados Plus

v. Veneman,* 370 F.3rd 1243, 1247 (D.C. Cir 2004). "Non-jurisdictional exhaustion"

is a "judicially created doctrine requiring parties who seek to challenge agency action to exhaust available administrative remedies before bringing their case to court." *Id.* "Jurisdictional exhaustion," however, occurs when Congress uses its power to control the jurisdiction of the federal courts through administrative requirements. *Id.* The presumption that an exhaustion requirement is non-jurisdictional can only be overcome by statutory language in which Congress "states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision." *Id* at 1248 (quoting *I.A.M. Nat'l Pension Fund Benefit Plan C v. Stockton Tri Indus.* 747 F. 2. D 1204, 1208 (D.C. Cir 1984) (Internal quotation marks omitted). This language must be "sweeping and direct." *Id.* At 1248 (quotine *Weinberger v. Salfi*, 442 U.S. 749, 757 (1975)) )internal quotations marks omitted)

*Arbaugh* reminded the lower courts of these distinctions and cautioned against "driveby jurisdictional rulings" that fail to recognize the differences. *Arbaugh*, 126 S. Ct. At 1242. To asist the courts, the Supreme Court enunciated a rule to be applied.

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then the courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Id* at 1245 (citation omitted). Congress has plainly demonstrated its ability to write clear jurisdictional language into other sections of the Code and has chosen not to do so in §7433. For example, in 26 U.S.C. 7421(a), which states "except as provided [in various sections of the Code], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed," was previously found by this Circuit to "by its terms den[y] jurisdiction 'to any court' in actions to enjoin the assessment or collection of taxes." *Americans United Inc. v Walters*, 477 F 2d 1169, 1175 (D.D.C.Cir. 1973 (emphasis added); *see also Gardner v. United States*, 211 F. 3d 1305, 1311 ("The District Court must dismiss for lack of *subject matter jurisdiction* any suit that does not fall within one of the exceptions to [§7421(a)]. " (emphasis added)). In addition, 26 U.S.C. §7422(a) contains jurisdictional language, stating that "no suit or preceding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously assessed or collected ... until a claim for refund or credit has been duly filed ... according to the provisions of law in that regard."

Therefore, this Court should adhere to the cautionary instructions in *Arbaugh* and *Murita Martin v. United States*, (D.D.C. 1:05-cv-02506) that the exhaustion of administrative

remedies under TABOR is non-jurisdictional.  The statute is crystal clear that pre-suit exhaustion is a requirement to the maintenance of the suit for damages, but it does not address a district court's jurisdiction.  Congress must "clearly state" that "a threshold limitation on a statute's scope shall count as jurisdictional," *Arbaugh,* 126 S. Ct. At 1245, and because jurisdiction is such a fundamental concept, its absence cannot be assumed without a definite expression of congressional intent.  Thus,TABOR is not sufficiently definite under Arbaugh. Therefore a motion to dismiss for lack of subject matter jurisdiction is not available to the court and/or the defendant.

### 12(b)(6)

Rule 12(b)(6) should be employed only when the complaint does not present a legal claim.  In the instant matter the complaint complies with the requirements of "Notice Pleading."

The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more

narrowly the disputed facts and issues. Following the simple guide of Rule 8 (f) that "all pleadings shall be so construed as to do substantial justice," there is no doubt that petitioners' complaint adequately sets forth a claim and gives the defendant fair notice of its basis. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. (Cf. Maty v. Grasselli Chemical Co., 303 U.S. 197); (see also, *Conley V. Gibson*, 355 U.S. 41 (1957), 355 U.S. 41) the ordinary rules for assessing the sufficiency of a complaint apply. See, *e.g., Scheuer* v. *Rhodes,* 416 U. S. 232, 236 (1974) (.When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case.

## AFFIRMATIVE DEFENSE MUST BE PROVEN

As recognized in *Martin*, "failure to state a claim" is an "affirmative defense". In order to prevail on an affirmative defense, the defense must be proven. Under the "no set of circumstances" standard, the defendant must prove that IRS is and has been willing to reconsider positions, and/or that IRS is not biased.

## "ANTI INJUNCTION ACT" ARGUMENT LEGALLY ABSURD

Counsel's submits an unsupported "anti-Injunction Act" argument. Plaintiff did not ask the Court to enjoin the defendant or its agency from collecting taxes. Plaintiff asked the Court upon finding that the defendant disregarded statutory and regulatory assessment procedures, to enjoin "execution in the guise of a tax" as contemplated in Enochs v Williams Packing & Navigation, 370 US 1. Notwithstanding extraordinary changes in executive authority, in tha absence of an assessment, no tax exists.

Counsel's submits an unsupported "anti-Injunction Act" argument. Plaintiff did not ask the Court to enjoin the defendant or its agency from collecting taxes. Plaintiff asked the Court upon finding that the defendant disregarded statutory and regulatory assessment procedures, to enjoin "execution in the guise of a tax" as contemplated in Enochs v Williams Packing & Navigation, 370 US 1. Notwithstanding extraordinary changes in executive authority, in that absence of an assessment, no tax exists.

## OTHER ARGUMENTS

Counsel's submits an unsupported "claim for refund" argument. Plaintiff did not ask the Court for a refund of taxes.    Plaintiff did not file a claim for unauthorized collection. Plaintiff asked the Court upon finding that the defendant disregarded statutory and regulatory assessment procedures, to grant plaintiff tort damages. Tort damages can in no way be considered a refund of taxes. Notwithstanding extraordinary changes in executive

authority, in the absence of an assessment, no tax exists.

## ADMINISTRATIVE PROCEDURES ACT

This Court has independent jurisdiction pursuant to section 704 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat. 392, for final agency actions for which there is no other adequate remedy in a court;

This Court has independent jurisdiction pursuant to section 705 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat. 393, to compel agency action unlawfully withheld or unreasonably denied; and,

This Court has independent jurisdiction pursuant to section 706 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat. 393, to provide for judicial review of final agency actions for which there is no other adequate remedy in a court.

This Court has independent jurisdiction to hold unlawful and set aside agency action findings, and conclusions found to be –

1. arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

2. contrary to constitutional right, power, privilege, or immunity;

3. in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

4. without observance of procedure required by law;

5. unsupported by substantial evidence in a case subject to sections 556 and 557 of this title [Title 5] or otherwise reviewed on the record of an agency hearing provided by statute; or

6. unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

## CONCLUSION

Failure to exhaust administrative remedies is not a grounds upon which the court may dismiss the instant matter.

Dismissal under 12(b)(6) is premature and should be held until after discovery. As pointed out above liberal opportunity for discovery and the other pretrial procedures established by the Rules will disclose more precisely the basis of both claim and defense and will define more narrowly the disputed facts and issues. Additionally, because administrative remedies are an option, they are not a prerequisite to filing suit. Dismissal under 12(b)(6) is not an option.

Therefore, for the above reasons defendants' motion to dismiss under 12(b)(1) is ineffective and cannot be granted. For the above reasons defendants' motion to dismiss pursuant to 12(b)(6) is not only unavailable it is also untimely and cannot be granted.

Additionally, for the above reasons the court has independent review jurisdiction

under the administrative procedures act

/

Respectfully,

Dated ___NOVEMBER 10___, 2006

_Thomas R. Young_
Thomas R Young
611 Kings Mountain Drive
Longview TX 75601

_Nia K Young_
Nia K Young
611 Kings Mountain Drive
Longview TX 75601

On the above inscribed date before the undersigned, a Notary Public for the State of Texas, personally appeared, Thomas R Young, Nia K Young known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her/their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.

_Autrey Wayne Mosley Jr_
Notary, State of Texas
_Autrey Wayne Mosley Jr_



**Autrey Wayne Moseley Jr**
Notary Public, State of Texas
My Commission Expires:
**May 17, 2008**

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on:

Jennifer L. Vozne
Ben Franklin Station
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated ___NOVEMBER 10___, 2006

Thomas R Young v United States

RESPONSE TO MOTION TO
DISMISS AMENDED COMPLAINT

Thomas R Young